The document below is hereby signed.

Signed: August 28, 2015



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BUTLER INNOVATIVE SOLUTIONS, | ) | Case No. 08-00065 |
| INC., | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WILLIAM DOUGLAS WHITE, TRUSTEE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 10-10021 |
| | ) | |
| BETZAIDA JONES, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM DECISION RE PLAINTIFF'S
AMENDED MOTION FOR SUMMARY JUDGMENT AS SUPPLEMENTED

The court's prior memorandum decision and order addressing the trustee's amended motion for summary judgment directed that it was:

> ORDERED that within 21 days after entry of this order, White shall supplement his amended motion for summary judgment to address the "S125MEECMP" and "PRETXEEDEN" deductions and that if the supplementation is not in the form of a stipulation that those deductions

> conferred a benefit on Jones, then within 14 days after White files his supplementation, Jones may file an opposition thereto.

The court also gave Jones an opportunity to challenge the court's conclusion that the tax deductions from Jones's pay conferred a benefit on her. Jones has agreed that the court can treat the trustee's supplementation of his motion as timely.

The trustee supplemented his motion by submitting an email from Paychex confirming that S125MEECMP refers to a "pre-tax medical deduction" and that PRETXEEDEN refers to a pre-tax dental deduction. Jones has not opposed the supplementation of the motion, and can be viewed as conceding the character of these two deductions. The trustee notes:

> Such pre-tax deductions are taken out of gross wages and are not taxed under federal and most state tax laws. These deductions have the effect of reducing the employee's taxable income. Thus, they would confer a benefit upon the employee.

Moreover, such pre-tax deductions are funds set aside for the employee to meet medical or dental expenses. Accordingly, those deductions represent amounts that are avoidable and recoverable by the trustee.

Nor has Jones challenged the court's analysis in its prior decision regarding the withheld taxes having conferred a benefit on Jones.

Accordingly, the full $16,321 amount should be avoided and Jones should be ordered to return the payments to the estate.

The plaintiff's complaint requested prejudgment interest. Such prejudgment interest awards are *generally* calculated using the prime rate, but the issue is ultimately one to be decided in the exercise of the trial court's reasonable discretion.  *See Webster v. Harris Corp. (In re NETtel Corp.)*, 327 B.R. 8, 13 (Bankr. D.D.C. 2005); *In re Greater Southeast Cmty. Hosp. Corp. I.*, 2006 WL 1174332 (Bankr. D.D.C. April 28, 2006).  Although the pretrial conference in this proceeding was continued repeatedly, at the request of the parties, for a period of almost three years, the parties arguably share the blame for that delay. Other delays, however, rest squarely with the trustee.  For example, based upon the papers ultimately filed by the trustee, it appears the trustee could have demonstrated his right to summary judgment more expeditiously such that the court could have entered a judgment sometime prior to December 31, 2014. Likewise, the filing of the supplementation of the motion for summary judgment was untimely, and necessitated a hearing to ascertain whether the defendant would be willing to treat the supplementation as filed timely.  The defendant shares no blame for that delay.  If a judgment *had* been entered prior to December 31, 2014, the amount owing thereafter would have borne interest at the vastly lower post-judgment rate under 28 U.S.C. § 1961, and the total amount owing as of today would be substantially less than if prejudgment interest at the prime rate were allowed

to the entry of judgment today.  Accordingly, I will award prejudgment interest from July 15, 2010, the date of service of the summons and complaint, at 3.25% per annum (the prime rate in effect on that date and on each anniversary since the filing of the complaint) only to and including December 31, 2014.  That will result in a judgment that roughly equates to what would be owed today, with postjudgment interest under 28 U.S.C. § 1961, had a judgment been entered at the earlier date by which the trustee should have been able to obtain summary judgment.  After the date of entry of the judgment, the entire judgment amount will bear interest as provided by 28 U.S.C. § 1961.[1]

[Signed and dated above.]

Copies to: Recipients of e-notification of filing;

Betzaida Jones
297 S. 4th Street
Oxford, PA 19363

---

[1]  The prime rate was 3.25% on July 15, 2010, the day the complaint was served, and has remained at 3.25% ever since.  The calculation of the amount owed, with interest compounded annually, is:

1.0325 x $16,321.00 = $16,851.4325 owed at July 15, 2011

1.0325 x $16,851.4325 = $17,399.1040 owed at July 15, 2012

1.0325 x $17,399.10 = $17,964.5749 owed at July 15, 2013

1.0325 x $17,964.5749 = $18,548.4236 owed at July 15, 2014

(1 + (.0325 x (169 days/365 days)) x $18,548.4236 = $18,827.53 owed at December 31, 2014.

Prejudgment interest = $18,827.53 - $16,321.00 = $2,506.53.